PER CURIAM.
The appellant was informed against, tried before a jury and convicted of assault with intent to commit a felony. He was sentenced thereon to confinement for a period of ten years, with credit for certain jail time served. On this appeal by the defendant it is contended the trial court erred by admitting into evidence, over objection of defendant, photographs of the defendant and other persons which had been submitted to the victim for identification purposes prior to the filing of the information, and that the evidence relating to identification of the defendant was insufficient.
The facts disclosed in the record included the following. The incident occurred when the victim, owner of a liquor store, was about to enter the store at 4:30 o’clock A.M. to prepare for the business of the day, as was his custom on certain days. As he got out of his car, which he parked across the street from the store, he was approached by two black males. One of them, who was later identified as the defendant Staten, pointed a gun at the victim, and proceeded to fire three bullets into him. As said assailant then reached for the victim’s pocket, the latter, who was armed, shot that assailant four times. The victim drove himself to a hospital, where he was treated and survived. Within an hour the said Staten appeared at the hospital for treatment of his wounds, whereupon he was arrested on suspicion of the crime, by the police who had been notified thereof and were on the alert for such a wounded man to appear for treatment at the hospital.
After Staten’s arrest, but prior to the filing of an information against him, the victim identified Staten from photographs submitted to him by the police. An in-court identification of Staten was made by the victim at the trial.
The defendant did not file a motion to suppress the identification evidence, but moved to strike such evidence at trial on the ground that no attorney for the defendant Staten had been present at the time of the identification of him by the victim from photographs. We hold that contention to be without merit, and that the ruling of the trial court relating thereto was correct. See United States v. Roth, 2 Cir. 1970, 430 F.2d 1137, 1140; United States v. Ballard, 5 Cir. 1970, 423 F.2d 127.
No reversible error having been shown the judgment is affirmed.